**Ann M. Marquez (AM-3386)**
Law offices of Ann Marquez
535 Fifth Avenue-4th Floor
New York, NY 10017
Office: (646) 792-2186
Attorney for the Petitioner

# CV 12 - 2591

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of Luis Fernando Sanchez Diego; Sophia Sanchez Diego: Infants under the age of 16,<br><br>**FERNANDO RAMIREZ DIEGO,**<br>Petitioner<br><br>v.<br><br>**CRISTIAN GOMEZ SANCHEZ ,**<br>Respondent | **Case No.:** |

GLASSER, J.
AZRACK, M.J.

## NOTICE OF PETITION UNDER THE HAGUE CONVENTION

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague On October 25, 1980; International Child Abduction Remedies Act, 42 U.S.C. 11601 et seq.**

PLEASE TAKE NOTICE that, upon the annexed affidavit of Ann M. Marquez, sworn to May 1, 2012, the Exhibits annexed thereto, the affidavit of Fernando Ramirez Diego in support of petition for the Return of the Children, pursuant to the Hague Convention, dated May 1, 2012, and the verified Petition for the Return of Children under the Hague Convention ("Petition"), Petitioner has moved this Court:

(i).    Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (hereinafter "Convention") and the International Child Abduction Remedies Act (hereinafter "ICARA"), 42 U.S.C. §11601 et seq.:

(a).    A judgment returning Luis Fernando Diego Sanchez and Sophia Diego Sanchez, the subject children of the parties, to their habitual residence in Mexico, and/or the Petitioner's care, forthwith, pursuant to Article 12 of the Convention;

(b).     Issue an immediate Ex Parte Order prohibiting the children's removal from the jurisdiction of the Court pending the outcome of the petition for Return of the Children pursuant to the Hague Convention, and taking into safe-keeping all of the children's travel documents;

(c).     An Order commanding the Respondent to appear in this Court to show cause why the children have been kept from their birthfather, the Petitioner;

(d).     Direct, pursuant to 42 U.S.C. §11603 (c), that Respondent be given notice of this proceeding pursuant to New York Court Rules;

(e).     An Order directing Respondent  to pay Petitioner's legal costs and fees incurred to date by reason of the children's wrongful retention pursuant to 42 U.S.C. §11607, reserving jurisdiction over further expenses; and

(ii).     Grant such other and further relief as this Court may deem just and appropriate.

(iii).     Grant a hearing on this matter to be scheduled by the Court as soon as may be convenient.

WHEREFORE, it is respectfully requested that the relief sought in this petition in all respects be granted.

Dated: _____, 2012
      New York, New York

BY _____
      Ann M. Marquez (AM-3386)
      Attorney for Petitioner
      Law Offices of Ann Marquez
      535 Fifth Avenue-4th Floor
      New York, NY 10017
      Office: (646) 792-2186

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

In the Matter of Luis Fernando Sanchez Diego; Sophia
Sanchez Diego: Infants under the age of 16,

**Case No.:**

**FERNANDO RAMIREZ DIEGO,**
Petitioner

v.

**CRISTIAN GOMEZ SANCHEZ,**
Respondent

VERIFIED PETITION FOR RETURN OF THE CHILDREN TO PETITIONER AND PETITION FOR
IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER TO RESPONDENT

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague
On October 25, 1980; International Child Abduction Remedies Act, 42 U.S.C. 11601 et seq.**

### I. Preamble

1.      This Petition is brought pursuant to The Convention on the Civil Aspects of

International Child Abduction, done at the Hague on October 25, 1980 (hereinafter the "Hague

Convention" or "Convention"), and the International Child Abduction Remedies Act (hereinafter

"ICARA").  The Convention came into effect in the United States of America on July 1, 1988 and

was also ratified between the United States of America and Ecuador on July 1, 1988.

2.      The objects of the Convention are as follows:  (1) to secure the immediate return of a

child wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that

rights of custody and of access under the law of one Contracting State are effectively respected in

other Contracting States.  Convention, art. 1.[1]  It must be emphasized that the Convention does not

---

[1]  As has been stated by other courts addressing Hague cases, the Convention therefore authorizes a federal district court
to determine the merits of the abduction claim but does not allow it to consider the merits of any underlying custody
dispute.  Morris v. Morris, 55 F. Supp. 2d 1156, 1160 (D. Colo. 1999) (recognizing that "[p]ursuant to Article 19 of the
Convention, [this Court has] no power to pass on the merits of custody"); see also Currier v. Currier, 845 F. Supp. 916 (D.

settle custody disputes, but serves as an agreement between signatory countries for the mandated

return of the child to his or her circumstances, prior to the abduction or wrongful retention if this

occurred in violation of the left behind parent's custody rights.   Convention, art. 19; 42 U.S.C. §

11603 (1995).   The Hague Convention applies to cases where a child under the age of sixteen (16)

years has been removed from his or her habitual residence in breach of custody rights. Convention,

art. 4.

## II. Jurisdiction

3.      This Court has original jurisdiction pursuant to 42 U.S.C. § 11603 (1995)[2] of actions

arising under the Convention because this case involves the wrongful removal and wrongful

retention of a children under the age of sixteen from their habitual residence of Mexico to the United

States of America, both are signatory countries under the Hague Convention.

## III. Status of Petitioner and Child

4.      Ann M. Marquez, Esq. of counsel for Petitioner herein.   The statements herein are

made upon information and belief, unless stated otherwise.   The Petitioner, Fernando Ramirez Diego

(hereinafter "Father") and the Respondent, Cristian Gomez Sanchez (hereinafter "Mother") are the

natural parents of the children, Luis Fernando Diego Sanchez and Sophia Diego Sanchez,

("hereinafter "subject children" or "children").   As of August 4, 2004, the parties resided together as

a couple in the City of Houston Texas, and then relocated to New York on or about November 2004.

---

N.H. 1994) citing Friedrich v. Friedrich, 983 F.2d 1396, 1399 (6th Cir. 1993); Meredith v. Meredith, 759 F. Supp. 1432,
1434 (D. Ariz. 1991).  The court's role is not to make traditional custody decisions but to determine in what *jurisdiction*
the child should be physically located so that the proper jurisdiction can make those custody decisions. Loos v. Manuel,
651 A.2d 1077 (N.J. Super. Ct. Ch. Div. 1994).

[2]   A court considering an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of
any underlying custody dispute.  The Hague Convention is intended to restore the pre-abduction status quo and to deter
parents from crossing borders in search of a more sympathetic court. Lops v. Lops, 140 F.3d 927, 936 (11th Cir. 1998)
(citations omitted).

The parties' had two children, Luis Fernando Diego Sanchez (Date of Birth 3/25/2005) and Sophia Diego Sanchez (Date of Birth 12/4/2007), both were born in the State of New York. The parties along with the subject children resided together as a family in New York, until December 10, 2008. Copies of the Birth Certificates are annexed hereto as **"Exhibit A."** [3]

5.      On or about December 11, 2008, the parties and the subject children relocated from New York to the City of Pueblo, Mexico, and resided together for nearly three years.

6.      However, on or about November 5, 2011, the Respondent Mother absconded with the subject children while the Petitioner Father was at work. The Petitioner Father did not give consent for the Respondent Mother to leave the country with the subject children.

7.      On or about November 8, 2011, the Respondent Mother contacted the Petitioner Father and stated that she had left Mexico with the subject children to the United States, and had no intention of returning back to Mexico. The Respondent Mother was fully aware that the Petitioner could not re-enter the U.S. to retrieve the children due to his immigration status.

8.      On or about November 9, 2011, the Petitioner Father sought for the immediate return of the subject children by filing a complaint with Mexican Authorities. A copy of the Complaint is annexed hereto as **"Exhibit B."**

9.      On or about December 27, 2011, the Central Authority of Mexico contacted the U.S. Department of State, the U.S. Central Authority, for assistance in the recovery and return of the subject children, pursuant to the remedies available under the Hague Convention. A copy of the Mexico Central Authority Letter is annexed hereto as **"Exhibit C."**

---

[3] Given the urgency of this Hague Convention Petition, no authentication of any documents or information included with the Petition is required. 42 U.S.C. § 11605 (1995).

10.     As of today, the Petitioner Father continues to be deprived of his custodial rights to the subject children, Luis Fernando Diego Sanchez and Sophia Diego Sanchez, ages 7 and 4, respectively.

### IV.     WRONGFUL REMOVAL AND WRONGFUL RETENTION OF CHILD

11.     Pursuant to the Convention, Art.3, the removal or the retention of a child is to be considered "wrongful" when it is in breach of the custody rights of another person when those custodial rights were actually being exercised at the time of the removal, or would have been exercised but for the removal. [4]

12.     The Hague Convention's objective is to protect children from the harmful effects of wrongful removal or retention by establishing procedures to ensure the children's *"prompt"* return to the country of their habitual residence, where custody can best be decided. See Art. 1 and Art. 5 of the Convention.

13.     ICARA establishes procedures to implement the Convention in the U. S., and specifically outlines what a left behind parent must prove by a preponderance of the evidence...in the case of an action for the return of a child, that the child was wrongfully removed or wrongfully retained within the meaning of the Hague Convention. 42 U.S.C §1603 (e).

14.     The Respondent Mother wrongfully removed and wrongfully retained the subject children on or about November 5, 2011, the Respondent Mother absconded with the subject children from the country of Mexico, while the Petitioner Father was at work. The Petitioner Father was exercising his custodial rights within the meaning of Art. 3 and Art. 5 of the Convention, in that the

---

[4] The removal of a child is considered wrongful when it is in breach of the custody rights of another person and when those custodial rights were actually exercised at the time of the removal, or would have been exercise but for the removal. See Sina-Mambwene v. Keeton, 2009 U.S. Dist. Lexis 77446.

parties and the subject children resided together as a family for nearly three years in Mexico, prior to the Respondent Mother's act of child abduction. The Petitioner Father played a substantial active role in the subject children's lives, as he was their sole financial provider, and a nurturing caring parent that resided with his children. The Petitioner Father provided the tuition to enroll the subject children in a private school, the Montessori of the Sun School, in Mexico. Copies of the School Identification Cards are annexed hereto as **"Exhibit D."**

15.     The Respondent Mother's act of absconding with the subject children from the country of Mexico to the United States, without the Petitioner Father's consent interfered with his rights, and such rights would have been exercised, but for the child abduction.

16.     Furthermore, such interference was deliberate, on or about November 8, 2011, the Respondent Mother contacted the Petitioner Father and stated that she left the country of Mexico with the subject children, and she had no intention of returning.

17.     Most disturbing, approximately three months after entry into the United States, the Respondent Mother filed a Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") custody petition, in Kings County Family Court, and by her sworn affidavit, she deposes that she obtained custody of the subject children on or about November 2, 2011, when she *"emigrated"* with the children to the U.S.  However, such custody of the subject children cannot be lawfully obtained by the unlawful acts of the Respondent Mother, which is parental child abduction.

18.     Further demonstration of such deliberate interference by  the Respondent Mother is by her own statement in her verified custody petition, "Petitioner Father remains in Mexico as he had been deported from the U.S. several years prior." The Respondent Mother was fully aware that the Petitioner Father was prevented from re-entering into the U.S. due to his immigration status, and as such she willfully interfered with his custodial rights by absconding from the country of Mexico with

their subject children, and without the Petitioner's consent.  Respondent's mal-intent was further evidenced by the fact that upon her arrival in the United States, she stated her to the Petitioner that she had no intention of returning the subject children to him in Mexico, and three months later filed for "sole" custody of the subject children.    Copies of the UCCJEA Petition and Affidavit are annexed hereto as **"Exhibit E."**

19.     Thus, the Respondent Mother's act of absconding with the subject children from the country of Mexico, without the Petitioner Father's consent, along with her own statements in her verified petition that the parties resided as a family, she obtained "custody" by leaving the country of Mexico, and that the Petitioner Father had to remain in Mexico because  and could not enter the U.S. because he was deported, then files for sole custody of the subject children in the U.S, is a wrongful removal and retention, pursuant to Art. 3 and Art. 5 of the Convention.   Respondent's actions are in complete breach of Petitioner's custodial rights, and such acts of child abduction invoke the remedies available, pursuant to the Hague Convention, which is the *"prompt"* return of the subject children to the country of Mexico.[5]

20.     Furthermore, the custodial rights, and any breach thereof, are to be determined under the law of the country that is determined to be the children's habitual residence. *Id.*

## V.     PLACE OF HABITUAL RESIDENCE

21.     Mexico is the subject children's habitual residence, and their custodial rights and any breach thereof, should be determined by the court of the subject children's habitual residence.  The

---

[5]   The issue of "custody" must be addressed under the Laws of Mexico. See Sita-Mambwene v. Keeton, 2009 U.S. Dist. Lexis 77446; Whallon v. Lynn, 230 F.3d 450 (1st Cir. 2000); Friedrich v. Friedrich, 983 F.2d at 1402; Ohlander v. Larson, 114 F.3d 1531, 1541 (10th Cir. 1997) (stating that the Convention was meant, in part, to lend priority to the custody determination hailing from the child's state of habitual residence.  Pursuant to Article 14 of the Convention, this Court "may take notice directly of the law of . . . the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law . . . ." See also Fed. R. Civ. P. 44.1.

parties and the subject children resided together as a family in Mexico for nearly three years from December 10, 2008 to November 5, 2011, prior to the wrongful removal and wrongful retention by parental child abduction perpetrated by the Respondent Mother. Again, by the Respondent Mother's own verified petition, she deposes that the parties and the subject children resided as a *"family"* in the country of Mexico. Therefore, habitual residence rests in Mexico, and the subject children should be returned to Mexico forthwith, pursuant to the Hague Convention. Convention, art. 1.

22.     Under the Convention, the courts must determine habitual residence of the subject children, where the children were habitually residing immediately prior to the wrongful removal. The Convention establishes that the *only relevant point* in time for determining habitual residence is the habitual residence immediately before the removal or retention. [6]

23.     Further demonstration that the subject children were abducted is by the Respondent Mother are revealed by her own statements in her verified petition, and sworn affidavit. The Respondent Mother deposed that the parties and subject children resided in Mexico as a *"family,"* and that she obtained custody when she "emigrated' to the U.S. and that the Petitioner Father had to remain in Mexico due to his immigration status. Aside from her own admissions of deliberate interference with the Petitioner Father's right to exercise custody of their children, the Respondent Mother deliberately omitted pertinent facts in her UCCJEA custody petition, for *"sole"* custody to conceal her acts of parental child abduction. Specifically, the Respondent Mother omitted where the subject children resided for the past 5 years, and failed to state the Petitioner Father's address so that he could be properly served notice of such a proceeding. The sections specifically require such information in an effort to prevent parental child abduction.

---

[6] <u>Silverman v. Silverman</u>, 338 F.3d 886, 897 (8th Cir. 2003) , the Eighth Circuit recognized that "a person may have only one habitual residence and it should not be confuse with domicile.

24. In light of all the facts presented in this petition, such omissions appear deliberate, to conceal the fact that the subject children were in abducted from Mexico and brought into the United States. *See "Exhibit E."*

25. The Convention's main purpose is to restore the factual status quo and prevent an abducting parent from gaining any advantage over the non-abducting parent. [7]

26. Thus, the subject children should be returned to Mexico forthwith to restore the factual status quo, so that the country of habitual residence *prior to the wrongful removal* can best determine issues of custody, and such order will further prevent the abducting parent from gaining any advantage over the non-abducting parent.

## VII. HAGUE PROCEEDINGS COMMENCED WITHIN ONE YEAR OF THE WRONGFUL TAKING MANDATES A RETURN OF THE CHILD FORTHWITH.

27. Pursuant to the Hague Convention, where a child is wrongfully removed and wrongfully retained in terms of art. 3, if the date of the commencement of Hague proceedings, before a judicial or administrative body of a Contracting State, where the child is located is *"less than one year"* from the date of the wrongful removal, then the judicial or administrative body shall order the return of the child. Convention, art. 12.

28. The Petitioner Father sought the immediate assistance of local authorities in Mexico to locate the subject children, upon the confirmation by the Respondent Mother on or about

---

[7] A court considering a Hague-ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute. The Hague Convention is intended to restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court. Lops v. Lops, 140 F.3d 927, 936 (11th Cir. 1998) (citations omitted).

November 8, 2011, that she absconded the country of Mexico with the subject children, and that she had no intention of returning to Mexico.  *See Exhibit B.*

29.     The Hague Convention is administered and implemented by Central Authorities established in each signatory country.  Art. 6. of the Convention.  On or about December 27, 2011, the Central Authority in Mexico submitted the Petitioner Father's application to the U.S. Central Authority, the U.S. Dept. of State, to assist in the location and recovery of the subject children utilizing Hague Convention channels.

30.     On or about February 22, 2012, U.S. Dept. of State, Central Authority in the U.S., notified the Honorable Leticia Ramirez of Kings County Family Court presiding over the custody case, under Docket Nos. V-04308-09/12, that the Petitioner Father had filed an application seeking the return of the subject children, pursuant to the Hague Convention.  A copy of U.S. Dept. of State's letter is annexed hereto as **"Exhibit F."**

31.     On or about April 23, 2012, the Honorable Leticia Ramirez of Kings County Family Court granted a stay of the custody proceedings for the subject children until the remedies available pursuant to the Hague Convention are determined.

32.     The filing of this petition that commenced the Hague Convention proceedings before this Court has been made *"less than one year"* from the date of the wrongful removal, and mandates the return of the subject children forthwith.

33.     Thus, the commencement of the Hague proceedings were made to *both* judicial and administrative bodies, and *"less than one year"* from the wrongful removal, which mandates the return of the subject children to Mexico.

## VI.     THE HAGUE CONVENTION RECOGNIZES THE DETRIMENTAL EFFECTS ON CHILDREN BY THEIR WRONGFUL REMOVAL AND RETENTION, AND ITS PURPOSE IS TO PROMOTE THEIR PROMPT RETURN.

34.     For the past six months, the Petitioner Father suffers daily because the Respondent Mother deprived him of his daily consistent contact with the subject children, and deprived the subject children of their father's physical and emotional care for them.  Prior to the wrongful removal, the Petitioner Father who was the sole financial provider for the subject children, played a significant role as an active parent in their lives.

35.     Cruelly, the Petitioner Father has been deprived of his right to engage as an active parent on a daily basis in the lives of the subject children.  By the Respondent Mother's unlawful act of child abduction, she demonstrates her limited insight into the care for the subject children's welfare, both physical and emotional well-being.

36.     Furthermore, should the Respondent Mother oppose the return of the subject children to their habitual residence, then the Respondent Mother bears the burden to prove an affirmative defense in opposition of such return.  42 U.S.C. 11603 (e) (2) (A).

37.     Under ICARA, a Respondent who opposes the return of the child has the burden of establishing the following:

a).  By the preponderance of the evidence, the Respondent must prove the following affirmative defenses:  i).  the well-settled defense;  ii).  person consented or subsequently acquiesced defense;  and iii).  mature child defense.

b). By clear and convincing evidence, the Respondent must prove the following affirmative defenses: i). grave risk defense; and ii). violation of fundamental principles of human rights/freedoms defense. Convention, art. 13; 42 U.S.C. 11603 (e) (2).

38.      In this case, any affirmative defense by the Respondent simply fails because it does not apply. The elements of the prompt return of the subject children are established by her own pleadings in her *"sole"* UCCJEA custody petition, that the children resided together as a family in Mexico, and that she obtained custody when *"emigrated"* to the U.S. with the subject children on or about November 2, 2011, and that the Petitioner Father cannot enter the U.S., due to his immigration status. Furthermore, Respondent Mother's deliberate omissions of pertinent facts as it relates to where the subject children resided for the past 5 years, and the Petitioner Father's address further demonstrate her intention to conceal the parental child abduction.

39.      Unless this Court takes immediate action to bring the Respondent Mother before the Court, the subject children continue to be deprived of a meaningful relationship with the Petitioner Father. As emphasized previously, the Hague Convention recognizes the detrimental effects on children by parental abduction and as such seeks to prevent such effects on children by establishing procedures to secure the immediate return of a child wrongfully removed and/or wrongfully retained; to restore pre-abduction "status quo" prior to the wrongful removal and wrongful retention; and to deter parents from crossing borders in search of a more sympathetic court. Unless a show cause order is issued, Petitioner will continue to have no proper contact whatsoever with the subject children.

## VII. PROVISIONAL REMEDIES

40.     Petitioner requests that the Court issue a show cause order and direct that the order be served immediately by United States Marshals upon the Respondent so that the Respondent can be brought before this Court forthwith.[8]  Pursuant to ICARA,  Provisional Remedies provided, *inter alia,* actions brought under 11603 (b), may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.

41.     Pending further hearing in this Court, it is requested that this Court issue an immediate order prohibiting the removal of the subject children from the jurisdiction of this Court, taking into safe-keeping all of the subject children's travel documents and setting an expedited hearing on the petition for the Return of Children to Petitioner.[9]

42.     Petitioner Father recognizes that the procedures under ICARA provide that, "No court exercising jurisdiction . . . may . . . order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. § 11604.

43.     In this case, the applicable State law referred to in 42 U.S.C. § 11604 (b) is Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter "UCCJEA") for the purpose of establishing a determination, pursuant to the Hague Convention.  Respondent will be given notice of any hearing in accordance with Domestic Relations Law (hereinafter "DRL") §§§ 75-e, 75-g, and 76-d.  As stated previously, a U.S. District Court has authority to determine the merits of an abduction claim, but not the merits of the underlying custody claim, and if appropriate, order the

---

[8]     Such an approach is consistent with the approach of other district courts faced with equivalent concerns regarding the flight of a respondent following service of a petition for return under the Convention.  See Fawcett v. McRoberts, 168 F. Supp. 2d 595, 597 (W.D. Va. 2001).

7 Such a Petition may also be treated as an application for a Writ of Habeas Corpus itself.  Zajaczkowski v. Zajaczkowska, 932 F. Supp. 128, 132 (D.Md. 1996) ("[T]he Court will treat the [Convention] petition as an application for a writ of habeas corpus . . . pursuant to 28 U.S.C.A. § 2243").; see also In re McCullough, 4 F. Supp. 2d 411 (1998).

return of the children. The Convention's main purpose is to restore the factual status quo and prevent an abducting parent from gaining any advantage over the non-abducting parent. [10]

44.     Based upon the Hague Convention, Mexico and the U.S. are signatory countries and this Court has the authority to order the immediate appearance of the Respondent.

45.     Petitioner further requests for the well-being of the children, that if he is allowed entry into the U.S. that he is given immediate access to the children, pending further hearing in this Court.

## VIII. RELIEF REQUESTED

46.     **WHEREFORE**, Petitioner Fernando Ramirez Diego respectfully requests the following relief:

a.      An Order directing a prompt return of the children to the Petitioner;

b.      Issuance of an Order directing the Respondent be brought into this Court by any United States Marshal, federal officer or police officer;

c.      Issuance of an immediate Order prohibiting the removal of the subject children from the jurisdiction of this Court, taking into safe-keeping all of the subject children's travel documents;

d.      An Order directing Respondent to pay Petitioner's legal costs and fees; and

e.      Any such further relief as justice and its cause may require.

## IX. NOTICE OF HEARING

47.     Pursuant to 42 U.S.C. § 11603(c), notice of an action under ICARA...shall be in accordance with the applicable law governing notice in interstate child custody proceedings, such

---

[10] Von Kennel v. Remis, 282 F.3d 1178, 1182 (9th Cir. 2002), citing the report of the official commentator, Elisa Perez-Vera. The commentary notes the main purpose of the Convention is a restoration of the factual status quo when parental abduction is at issue.

notice is governed by the Uniform Child Custody Jurisdiction Enforcement Act (hereinafter "UCCJEA"). Respondent will be given notice of any hearing in accordance with Domestic Relations Law (hereinafter "DRL") §§§ 75-e, 75-g, and 76-d. [11]

## X. ATTORNEY'S FEES AND COSTS INCLUDING TRANSPORTAION EXPENSES TO CONVENTION ARTICLE 26 AND U.S.C. § 11607

48.     Petitioner has incurred substantial expenses as a result of the wrongful removal and wrongful retention of the subject children by the Respondent. Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and retention.

49.     Petitioner respectfully requests that this Court award all legal costs and fees incurred to date as required by 42 U.S.C. §11607, reserving jurisdiction over further expenses.


Wherefore, Petitioner prays an order be made determining that the subject children were wrongfully removed and/or wrongfully retained, pursuant to the Hague Convention Art. 3, and order the immediate return of the subject children to the Petitioner, pursuant to the Hague Convention Art. 12, 13.

Dated: 5/9/12.

Fernando

Petitioner-Fernando Ramirez Diego

---

[11] The Convention itself does not specify any specific notice requirements. ICARA provides that notice be given in accordance with the applicable law governing notice in interstate child custody proceedings. 42 U.S.C. § 11603(c). In the United States, the Parental Kidnapping Prevention Act ("PKPA") and the Uniform Child Custody Jurisdiction ("UCCJA") and Enforcement Act ("UCCJEA") govern notice in interstate child custody proceedings. Klam v. Klam, 797 F. Supp. 202, 205 (E.D.N.Y. 1992). These statutes that govern interstate child custody proceedings are substantially similar and provide that reasonable notice and opportunity to be heard must be given to all parties …and further provides that notice shall be given in a manner reasonably calculated to give actual notice.

## VERIFICATION

I, Ann M. Marquez , solemnly declare and affirm under the penalties of perjury and the laws of the United States of America that the contents of the foregoing Petition are true to the best of my knowledge, information and belief.

May 21, 2012
Date

Ann M. Marquez, Esq.
Attorney for Petitioner

## VERIFICATION

Mexico

On the day of ___9___ , in the year 2012, being duly sworn, says that (s)he is the Petitioner in the above-named proceeding. Petitioner has read and understands the foregoing Hague petition is true to his/her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters (s)he believes it to be true.

Petitioner-Fernando Ramirez Diego

Sworn to before me this

May 9 , 2012

Notary Public

Benjamin Fong
Vice Consul of United States of America
US Consulate Nuevo Laredo

# EXHIBIT A

UNIVERSIDAD
AUTÓNOMA DE PUEBLA



**FACULTAD DE
LENGUAS**



**TRANSLATION INTO ENGLISH**

[BETWEEN BRACKETS TRANSLATOR'S NOTES]

SPECIAL SHEET FOR CERTIFICATION

1206028                    **[8532797]**

C.R.I.P.    211190109005556H

ON BEHALF OF THE FREE AND SOVEREIGN STATE OF PUEBLA AND AS **JUDGE** OF THE

REGISTRY OF THE CIVIL STATUS OF **SAN ANDRES CHOLULA** I HEREBY CERTIFY THAT

IN THE BOOK NUMBER **0003** OF THE YEAR **2009** THERE EXISTS THE CERTIFICATE WITH

NUMBER **00556** DATED ON **NOVEMBER 13th** ISSUED IN THE COURT OF REGISTRY OF

THE CIVIL STATUS OF **SAN ANDRES CHOLULA, SAN ANDRES CHOLULA, PUEBLA**

WHICH CONTAINS THE FOLLOWING DATA:

**CHILD INFORMATION**

**DEPARTAMENTO
DE TRADUCCION**

NAME: **SOPHIA DIEGO SANCHEZ**    TIME OF BIRTH: **05:33:00**
BIRTH DATE: **DECEMBER 4TH, 2007**
PLACE OF BIRTH: **NORTH HEMPSTEAD NASSAU NEW YORK, UNITED STATES**
DELIVERED:          **ALIVE: X    DEAD:**
SEX:       **MALE:       FEMALE: X**
DECLARED BY:    **FATHER:    MOTHER:    BOTH OF THEM: X**

**PARENTS:**

NAME: **FERNANDO DIEGO RAMIREZ**          NATIONALITY: **MEXICAN**
NAME: **CRISTIAN SANCHEZ GOMEZ**          NATIONALITY: **MEXICAN**

NAME OF THE DIFFERENT PERSON FROM PARENTS THAT DECLARE THIS BIRTH:

NATIONALITY:

THIS CERTIFICATE OF BIRTH HAS THE FOLLOWING ANNOTATIONS:
ANNOTATIONS AT THE BACK

IN ACCORDANCE WITH WHAT IS PRESCRIBED ON ARTICULES 848 AND 849 OF THE CIVIL CODE, THE CURRENT CERTIFICATE IS ISSUED AT __SAN ANDRES CHOLULA__ ON __NOVEMBER 9TH, 2011__. THE __CITIZEN JUDGE__ OF REGISTRY CIVIL STATUS.

ELABORATED BY: atochimani
COLLATED BY: Reg_Registro

__MIGUEL ANGEL HUEPA PEREZ, ATTY.__

NAME

[ILLEGIBLE SIGNATURE]

SIGNATURE

FOLIO SYSTEM: 229148

SEAL OF REGISTRY
CIVIL STATUS

SAN ANDRES
CHOLULA

CODE 119-01

[8532797]

[At the back of the document]

On November 13th, 2009 at 13:34:15 hours, Continuation of Observation which contain the following data:



At the border: A Mexican National Shield with emblem of Estados Unidos Mexicanos. -Official sworn translator of the Registry of the Civil Status of Puebla, English-Spanish.- At the centre: Apostille (Convention de la Haye du 5 Octobre 1961).- 1. Country: United States of America, this public document.- 2. Has been signed by Maureen O Connell.- 3. Acting in the capacity of County Clerk.-4. Bears the seal of the County of Nassau.- Certified.- 5. At New York, New York.-6. On September 25th, 2009.- 7. By the Special Deputy County Clerk, of the State of New York.-8. Number: NYC- 103956538.- 9. Seal.- 10. Signature (placed a highlighted seal on the paper that says: "The Great Seal of the State of New York") .- (Illegible signature) James Bizzarri, Special Deputy Secretary of the State.- signed by Arturo Lopez Vazquez, Atty., official sworn translator of the Registry of the Civil Status of the State Government of Puebla by agreement of the Registry of the Civil Status dated on January 18th, two thousand and six, certifies that the English translation into Spanish contained in this document is a faithful translation of the original document, and the undersigned is competent enough in both languages, English and Spanish to translate. October 16th, 2009.- An illegible signature: Arturo Lopez Vazquez, Atty.- A seal of the Mexican National Shield and emblem of Estados Unidos Mexicanos, official sworn translator of the Registry Civil Status of the State of Puebla, English-Spanish.- At the border: Registered District: 2951.- Registration number: 5113.- Department of Health, State of New York.-Live Birth Certificate.- A seal with the Mexican National Shield with emblem of Estados Unidos Mexicanos, official sworn translator of the Registry Civil Status of Puebla English-Spanish.- At the center: name: Sophia Diego.- Medical recorder number: 40228038.- Date of birth: December 4th, 2007.- Time: 05:33 A.M. .- Sex: Female.- Single birth.-, Birthplace: Hospital.- Name of the institution: Hospital de la Universidad North Shore.- Locality: North Hempstead.- County of birth: Nassau.- Name of the mother: Cristian Sanchez.- Date of birth: March 6th, 1980.- City: Mexico.- Maiden name: Sanchez.- State of residence: New York.- County: Nassau.- Locality: Valley Stream.- Inside limits?: Yes.- Street and number of residential address: 14N Montague ST.- Zip Code: 11580.- Email address: 14 N Montague St, Valley Stream NY.- Zip Code: 11580.- Medical record number: 40007918.- Name of the father: Fernando Diego.- Date of birth: February 1st, 1978.- City: Mexico.- I certify that the information about the child is true according to my best knowledge: Illegible signature.- Date of Signature: December 10th, 2007.- Name of the attendant: Stern Seth L.- Title: MD.- License number:. 182316.- Name of the registrar: Leslie C. Gross.- signature of the registrar: Illegible signature.- Date of filing: December 24th, 2007.- the undersigned: Arturo Lopez Vazquez, Atty., official sworn translator of the Registry Civil Status of the State Government of Puebla by agreement with the Direction of the Civil Status, dated on January 18th, two thousand and six, certifies that the translation into Spanish contained in this document is a faithful translation of the original document in English that was translated and the undersigned is competent enough in both languages, English and Spanish to translate. October 16th. 2009.- An illegible signature. Arturo Lopez Vazquez, Atty.- A seal of the Mexican National Shield and emblem of the Estados Unidos Mexicanos, official sworn translator of the Registry of the Civil Status of Puebla, English-Spanish.

Under the authorization of Miguel Angel Huepa Perez, Atty.

[Illegible signature]



### Certification of the translation

I, Ismael Mauro Jiménez Gómez, recognized as a sworn translator of the Government State of Puebla and the Department of Translation and Interpretation of the Faculty of Languages of the Mexican state university "Benemérita Universidad Autónoma de Puebla", and appointed by the very same institutions to perform this translation into English, confirm that I have analyzed and interpreted a Special Sheet for Certification of a certificate of birth issued by Miguel Angel Huitzpa Pérez, Atty., Judge of the Registry of the Civil Status of Puebla, Mexico, on November 9th 2011 on behalf of Sophia Diego Sanchez.

The resulting translation consists of 4 (four) leaves, printed on one side of each, including this very same certification sheet.

With respect to the interpretation of the herein document, which I have translated to the rest of my abilities, I certify that it is true and consistent with the original document I had before me this November 28th, 2011.

Ismael Mauro Jiménez Gómez, MA.



**8532797**

# HOJA ESPECIAL PARA CERTIFICACIÓN

1206028

| CRIP | 21119010900556H |
|------|-----------------|

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE PUEBLA Y COMO __JUEZ----------__ DEL REGISTRO DEL ESTADO CIVIL DE __SAN ANDRES CHOLULA----------------__ CERTIFICO: QUE EN EL LIBRO NUMERO __0003__ DE NACIMIENTOS DEL AÑO __2009__ , EXISTE ASENTADA EL ACTA NUMERO __00556__ DE FECHA __13 DE NOVIEMBRE------__ ,LEVANTADA, EN JUZGADO DEL REGISTRO DEL ESTADO CIVIL D SN ANDRES CHOLULA,SN ANDRES CHOLULA,PUEBLA---- Y LA CUAL CONTIENE LOS SIGUIENTES DATOS:

### DATOS DEL REGISTRADO

| | |
|---|---|
| NOMBRE: | SOPHIA DIEGO SANCHEZ ---------------- |
| HORA DE NACIMIENTO: | 05:33:00 ---------------- |
| FECHA DE NACIMIENTO: | 04 DE DICIEMBRE DE 2007 ---------------- |
| LUGAR DE NACIMIENTO: | NORTH HEMPSTEAD NASSAU NUEVA YORK ESTADOS UNIDOS DE AMERICA - |
| FUE PRESENTADO: | VIVO ---------------- |
| SEXO : | FEMENINO ---------------- |
| DECLARO | AMBOS ---------------- |

### DATOS DE LOS PADRES

| | | | |
|---|---|---|---|
| NOMBRE | FERNANDO DIEGO RAMIREZ ---------------- | NACIONALIDAD | MEXICANA -- |
| NOMBRE | CRISTIAN SANCHEZ GOMEZ ---------------- | NACIONALIDAD | MEXICANA -- |

NOMBRE DE LA PERSONA DISTINTA DE LOS PADRES QUE DECLARO EL NACIMIENTO
---------------------------------------------- NACIONALIDAD ----------------

ESTA ACTA TIENE LAS SIGUIENTES ANOTACIONES:

INSERCION AL REVERSO:

DE CONFORMIDAD CON LO PRESCRITO EN LOS ARTICULOS 848 Y 849 DEL CODIGO CIVIL, SE EXPIDE LA PRESENTE CERTIFICACION, EN EXTRACTO, EN __SAN ANDRES CHOLULA----------------__ ----------------------EL DIA __09__ DE __NOVIEMBRE__ DE __2011__

SELLO

L.C. __JUEZ----------------__ DEL REGISTRO DEL ESTADO CIVIL
ELABORO: el chinead
COTEJO: Rit Registro

LIC. MIGUEL ANGEL HUEPA PEREZ ----------------
NOMBRE

FIRMA

**FOLIO DE SISTEMA:** 229148



Con fecha 13 DE NOVIEMBRE DE 2009 a las 13:3 horas, se realizo Continuación de Observaciones cual contiene los siguientes datos: AL MARGEN UN ESCUDO NACIONAL MEXICANO CON EMBLEMA ESTADO UNIDOS MEXICANOS PERITO ; TRUCTOR OFICIAL REGISTRO DEL ESTADO CIVIL DEL ESTADO DE PUEBLA INGLES- ESPAÑOL.- AL CENTRO: APOSTILLE (CONVENTION DE LA HAYE DU 5 OCTOBRE 1961).- 1. PAES: ESTADOS UNIDOS DE AMERICA ESTE DOCUMENTO PUBLICO 2. HA SIDO FIRMADO POR MAUREEN O CONNELL 3. ACTUANDO EN SU CAPACIDAD DE SECRETARIO DEL CONDADO 4. POSEE EL SELLO DEL CONDADO DE NASSAU.- CERTIFICADA. 5. EN NUEVA YORK, NUEVA YORK 6. EL 25° DIA DE SEPTIEMBRE DEL 2009 7. POR EL DELEGADO ESPECIAL SECRETARIO DEL ESTADO, ESTADO DE NUEVA YORK 8. NUMERO NYC-10395653B 9.SELLO 10.FIRMA (COLOCADO AQUI UN SELLO REMARCADO SOBRE EL PAPEL QUE DICE: "EL GRAN SELLO DEL ESTADO DE NUEVA YORK") (FIRMA ILEGIBLE)JAMES BIZZARRI DELEGADO ESPECIAL SECRETARIO DEL ESTADO.; EL QUE SUSCRIBE, LIC. ARTURO LOPEZ VAZQUEZ, PERITO TRADUCTOR OFICIAL DEL REGISTRO DEL ESTADO CIVIL DEL GOBIERNO DEL ESTADO DE PUEBLA POR ACUERDO DE LA DIRECCION DEL REGISTRO DEL ESTADO CIVIL DE FECHA 18 DE ENERO DEL AÑO DOS MIL SEIS, CERTIFICA QUE LA TRADUCCION AL ESPAÑOL CONTENIDA EN EL PRESENTE DOCUMENTO, CONCUERDA FIELMENTE CON EL CONTENIDO EN INGLES DEL DOCUMENTO ORIGINAL DEL QUE SE TRADUJO Y QUE EL SUSCRITO ES COMPETENTE EN AMBOS IDIOMAS, INGLES Y ESPAÑOL PARA EFECTUAR LA TRADUCCION. 16 DE OCTUBRE DE 2009.- UNA FIRMA ILEGIBLE: LIC. ARTURO LOPEZ VAZQUEZ.- UN SELLO DEL ESCUDO NACIONAL MEXICANO Y EMBLEMA ESTADOS UNIDOS MEXICANOS PERITO TRADUCTOR OFICIAL REGISTRO DEL ESTADO CIVIL DEL ESTADO DE PUEBLA INGLES- ESPAÑOL.- AL MARGEN: DISTRITO REGISTRADO: 2951.- NUMERO DE REGISTRO: 5113.- DEPARTAMENTO DE SALUD ESTADO DE NUEVA YORK.- CERTIFICADO DE ALUMBRAMIENTO VIVO.- UN SELLO CON EL ESCUDO NACIONAL MEXICANO Y EMBLEMA ESTADOS UNIDOS MEXICANOS PERITO TRADUCTOR OFICIAL REGISTRO DEL ESTADO CIVIL DEL ESTADO DE PUEBLA INGLES- ESPAÑOL.- AL CENTRO: NOMBRE: SOPHIA DIEGO.- N0. DE REGISTRO MEDICO : 40228038.- FECHA DE NAC. :04 DICIEMBRE 2007.- HORA: 05:33 A.M. .- SEXO: FEMENINO.- NACIMIENTO: UNICO.- LUGAR DE NACIMIENTO: HOSPITAL.- NOMBRE DE LA INSTITUCION. HOSPITAL DE LA UNIVERSIDAD NORTH SHORE .- LOCALIDAD: NORTH HEMPSTEAD.- CONDADO DE NAC. : NASSAU .- NOMBRE DE LA MADRE: CRISTIAN SANCHEZ.- FECHA DE NACIMIENTO, 06 MARZO 1980.- CIUDAD: MEXICO.- NOMBRE DE SOLTERA: SANCHEZ .- ESTADO DE RESIDENCIA: NUEVA YORK.- CONDADO: NASSAU.- LOCALIDAD: VALLEY STREAM.- DENTRO DE LOS LIMITES? : SI .- CALLE Y NUMERO DE RESIDENCIA. 14 N MONTAGUE ST.- CODIGO POSTAL: 11580 .- DIRECCION DE CORREO: 14 N MONTAGUE ST, VALLEY STREAM NY.- CODIGO POSTAL: 11580.- N0. REGISTRO MEDICO: 40007918.- NOMBRE DEL PADRE: FERNANDO DIEGO.- FECHA DE NACIMIENTO: 01 FEBRERO 1978 .- CIAUDAD: MEXICO.- CERTIFICO QUE LA INFORMACION CONCERNIENTE AL MENOR ES VERIDICA A LO MEJOR DE MI ENTENDER: FIRMA ILEGIBLE .- FECHA DE FIRMA: 10 DICIEMBRE 2007.- NOMBRE DE QUIEN ATENDIO: STERN SETH L .- TITULO: DR.- NUMERO DE LICENCIA. 182316.- NOMBRE DEL REGISTRADOR: LESLIE C. GROSS.- FIRMA DEL REGISTRADOR; FIRMA ILEGIBLE .- FECHA DE LLENADO. 24 DICIEMBRE 2007.- EL QUE SUSCRIBE, LIC. ARTURO LOPEZ VAZQUEZ, PERITO TRADUCTOR OFICIAL DEL REGISTRO DEL ESTADO CIVIL DEL GOBIERNO DEL ESTADO DE PUEBLA POR ACUERDO DE LA DIRECCION DEL REGISTRO DEL ESTADO CIVIL DE FECHA 18 DE ENERO DEL AÑO DOS MIL SEIS, CERTIFICA QUE LA TRADUCCION AL ESPAÑOL CONTENIDA EN EL PRESENTE DOCUMENTO, CONCUERDA FIELMENTE CON EL CONTENIDO EN INGLES DEL DOCUMENTO ORIGINAL DEL QUE SE TRADUJO Y QUE EL SUSCRITO ES COMPETENTE EN AMBOS IDIOMAS, INGLES Y ESPAÑOL PARA EFECTUAR LA TRADUCCION. 16 DE OCTUBRE DE 2009.- UNA FIRMA ILEGIBLE. LIC. ARTURO LOPEZ VAZQUEZ.- UN SELLO DEL ESCUDO NACIONAL MEXICANO Y EMBLEMA ESTADOS UNIDOS MEXICANOS, PERITO TRADUCTOR OFICIAL REGISTRO DEL ESTADO CIVIL DEL ESTADO DE PUEBLA INGLES- ESPAÑOL

Bajo la autorización de LIC. MIGUEL ANGEL HUEPA PEREZ





**TRANSLATION SPANISH – ENGLISH**

**[BETWEEN BRACKETS TRANSLATOR'S NOTES]**

**EXTRACT OF CERTIFICATE OF BIRTH**

**120626**

C.R.I.P.        21119010900554A

**DEPARTAMENTO
DE TRADUCCION**

ON BEHALF OF THE FREE AND SOVEREIGN STATE OF PUEBLA AND AS <u>JUDGE</u> OF

REGISTRY CIVIL STATUS OF <u>SAN ANDRES CHOLULA</u> I HEREBY CERTIFY THAT IN THE

BOOK NUMBER <u>0003</u> OF THE YEAR <u>2009</u> THERE EXISTS THE CERTIFICATE WITH

NUMBER <u>00554</u> DATED ON <u>NOVEMBER 12ª</u> ISSUED IN THE COURT OF THE REGISTRY

OF THE CIVIL STATUS OF <u>SAN ANDRES CHOLULA, SAN ANDRES CHOLULA, PUEBLA</u>

WHICH CONTAINS THE FOLLOWING INFORMATION:

**CHILD INFORMATION**

NAME: <u>LUIS FERNANDO DIEGO SANCHEZ</u>        TIME OF BIRTH: <u>16:26:00</u>
BIRTH DATE: <u>MARCH 25ᵀᴴ, 2005</u>
PLACE OF BIRTH: <u>NORTH HEMPSTEAD NASSAU NEW YORK, UNITED STATES</u>
DELIVERED:        **ALIVE: X    DEAD:**
SEX:        **MALE: X    FEMALE:**
DECLARED BY:    **FATHER:    MOTHER:    BOTH OF THEM: X**

**PARENTS:**

NAME: <u>FERNANDO DIEGO RAMIREZ</u>        NATIONALITY: <u>MEXICAN</u>
NAME: <u>CRISTIAN SANCHEZ GOMEZ</u>        NATIONALITY: <u>MEXICAN</u>

NAME OF THE DIFFERENT PERSON FROM PARENTS THAT DECLARE THIS BIRTH:

NATIONALITY:

THIS CERTIFICATE OF BIRTH HAS THE FOLLOWING ANNOTATIONS:
ANNOTATIONS AT THE BACK

IN ACCORDANCE WITH WHAT IS PRESCRIBED IN ARTICULES 848 AND 849 OF THE
CIVIL CODE, THE CURRENT CERTIFICATE IS ISSUED IN <u>SAN ANDRES CHOLULA</u> ON
<u>NOVEMBER 9TH 2011</u>.
THE <u>CITIZEN JUDGE</u> OF THE REGISTRY CIVIL STATUS

ELABORATED BY: stochimani
COLLATED BY:  ROCIOD

MIGUEL ANGEL HUEPA PEREZ, ATTY.

NAME

[ILLEGIBLE SIGNATURE]

SIGNATURE

SEAL OF COURT OF
THE REGISTRY
CIVIL STATUS

SAN ANDRES
CHOLULA

CODE 119-01

FOLIO SYSTEM: 229147

[9712235]

[At the back of the document]

On November 12th, 2009 at 14:00:22 hours, Continuation of Observation which contains the following data:

Apostille (Convention de la Haye du 5 Octobre 1961).- Official sworn translator of the Registry Civil Status of Puebla, English-Spanish.- 1. Country: United States of America. This public document 2. Has been signed by Maureen O Connell 3. Acting in the capacity of County Clerk. 4. Bears the seal of County of Nassau. Certified. 5. At New York, New York 6. On September 25th, 2009 .-7. By the Special Deputy County Clerk, of the State of New York. 8. Number: NYC-10395652B. 9. Seal 10. Signature ( it was collocated a highlighted seal on the paper that says: "The Great seal of the State of New York") (illegible signature) James Bizzarri, Special Deputy Secretary of the State.- signed by Arturo Lopez Vazquez, Atty., official sworn translator of the Registry Civil Status of the State Government of Puebla by agreement of the Registry Civil Status dated on January 18th, two thousand and six, certifies dated on January 18th, two thousand and six, Certifies that the translation into Spanish contained in this document is a faithful translation of the original document in English that was translated, and the undersigned is competent enough in both languages, English and Spanish to translate. October 16th, 2009.- Official sworn translator Arturo Lopez Vazquez, Atty..- A seal with the following emblem: The Registry Civil Status English-Spanish.- Registered District:2951.- Registration number: 1178.- Department of Health of the State of New York.-Certificate of Live Birth.- Official sworn translator of the Registry Civil Status of the State of Puebla    English-Spanish.- Name: Luis Fernando Diego.- Medical registration number: 40013593.- Date of birth: March 25th, 2005.- Time: 04:26 P.M. .- Sex: Male.- Single birth.- Birthplace: Hospital.- Name of the institution: Hospital de la Universidad North Shore.- Locality: North Hempstead.- County of birth: Nassau.- Name of the mother: Cristian Sanchez.- Date of birth: March 6th, 1980.- City: Mexico.- Maiden name: Sanchez.- State of residence: New York.- County: Kings.- Locality: New York Brooklyn.- Inside limits?: Yes.- Street and number of residence:360 60TH Street Apt 3L.- Zip Code: 11220.- Mail address: 360 60 TH Street apt 3L, Brooklyn, NY.- Zip Code: 11220.- Medical registration number: 40007918.- Name of the father: Fernando Diego.- Date of birth: February 1st, 1978.- City: Mexico.- I certify that the information about the child is true according to my best knowledge: Illegible signature.- Date of Signature: March 30th, 2005.- Name of the attendant: Goldman Benjamin.- Title MD.- License number: 183433.- Name of the registrar: Michelle Schimel.- Signature of the registrar: Illegible signature.- Date of filing: April 7th, 2005.- The undersigned: Arturo Lopez Vazquez, Atty., official sworn translator of the Civil State Registry of the State Government of Puebla by agreement with the Registry Civil Status dated on January 18th, two thousand and six, certifies that the translation into Spanish contained in this document is a faithful translation of the original document in English that was translated and the undersigned is competent enough in both languages, English and Spanish to translate. October 16th, 2009.- Arturo Lopez Vazquez, Atty..- Registry of the Civil Status of Puebla, English-Spanish.

**Under the authorization of Miguel Angel Huepa Perez, Atty.**

**[illegible signature]**

**Certification of the translation**

I, Ismael Mauro Jiménez Gómez, recognized as a sworn translator of the Government State of Puebla and the Department of Translation and Interpretation of the Faculty of Languages of the Mexican state university "Benemérita Universidad Autónoma de Puebla", and appointed by the very same institutions to perform this translation into English, confirm that I have analyzed and interpreted a Special Sheet for Certification of a certificate of birth issued by Miguel Angel Huepa Pérez, Atty., Judge of the Registry of the Civil Status of Puebla, Mexico, on November 9ᵗʰ 2011 on behalf of Luis Fernando Diego Sanchez.

The resulting translation consists of 4 (four) leaves, printed on one side of each, including this very same certification sheet.

With respect to the interpretation of the herein document, which I have translated to the rest of my abilities, I certify that it is true and consistent with the original document I had before me this November 28ᵗʰ, 2011.

Ismael Mauro Jiménez Gómez, MA.



# EXTRACTO DE NACIMIENTO

### 1206026

**CRIP** 21119010900554A

EN NOMBRE DEL ESTADO LIBRE Y SOBERANO DE PUEBLA Y COMO **JUEZ** - - - - - - - - - - **DEL REGISTRO DEL ESTADO CIVIL DE** SAN ANDRES CHOLULA - - - - - - - - - - - - - - - CERTIFICO: QUE EN EL LIBRO NUMERO **0003** DE NACIMIENTOS DEL AÑO **2009**, EXISTE ASENTADA EL ACTA NUMERO **00554** DE FECHA **12 DE NOVIEMBRE** - - - - - - ,LEVANTADA, EN JUZGADO DEL REGISTRO DEL ESTADO CIVIL D SN ANDRES CHOLULA,SN ANDRES CHOLULA,PUEBLA - - - - Y LA CUAL CONTIENE LOS SIGUIENTES DATOS:

## DATOS DEL REGISTRADO

NOMBRE: **LUIS FERNANDO DIEGO SANCHEZ** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HORA DE NACIMIENTO: **16:26:00** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FECHA DE NACIMIENTO: **25 DE MARZO DE** **2005** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUGAR DE NACIMIENTO: **NORTH HEMPSTEAD NASSAU NUEVA YORK ESTADOS UNIDOS DE AMERICA** - - -

FUE PRESENTADO: **VIVO** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEXO : **MASCULINO** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DECLARO **AMBOS** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DATOS DE LOS PADRES

NOMBRE **FERNANDO DIEGO RAMIREZ** - - - - - - - - - - - - - - - - - - - - - - - - - NACIONALIDAD **MEXICANA** - -

NOMBRE **CRISTIAN SANCHEZ GOMEZ** - - - - - - - - - - - - - - - - - - - - - - - - - NACIONALIDAD **MEXICANA** - -

NOMBRE DE LA PERSONA DISTINTA DE LOS PADRES QUE DECLARO EL NACIMIENTO
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - NACIONALIDAD - - - - - - - - - - - - - - - -

ESTA ACTA TIENE LAS SIGUIENTES ANOTACIONES:

INSERCION AL REVERSO.

DE CONFORMIDAD CON LO PRESCRITO EN LOS ARTICULOS 848 Y 849 DEL CODIGO CIVIL, SE EXPIDE LA PRESENTE CERTIFICACION, EN EXTRACTO, EN SAN ANDRES CHOLULA - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - EL DIA **09** DE **NOVIEMBRE** DE **2011**

EL C. **JUEZ** - - - - - - - - - - - - - - - - - - - - - - - - - - - DEL REGISTRO DEL ESTADO CIVIL
ELABORO :inchimael
COTEJO :ROCIOD

**LIC. MIGUEL ANGEL HUEPA PEREZ** - - - - - - - - - - -
NOMBRE

**FOLIO DE SISTEMA:** **229147**

ORIGINAL

APOSTILLE (CONVENTION DE LA HAYE DU 5 OCTOBR.  /61.- PERITO TRADUCTOR OFICIAL.- REGISTRO .  ual contiene los siguientes datos:
DE PUEBLA INGLES - ESPAÑOL.- 1.- PAIS.- ESTADOS UNIDOS DE AMERICA.- ESTE DOCUMENTO PUBLICO.- 2. HA SIDO FIRMADO POR  ESTADO CIVIL DEL ESTADO
MAUREE!! O CONNELL.- 3. ACTUANDO EN SU CAPACIDAD DE SECRETARIO DEL CONDADO.- 4. POSEE EL SELLO DEL CONDADO DE
NASSAU.- CERTIFICADA S. EN NUEVA YORK, NUEVA YORK.- 6. EL 25° DIA DE SEPTIEMBRE DEL 2009.- 7. POR EL DELEGADO ESPECIAL
SECRETARIO DEL ESTADO, ESTADO DE NUEVA YORK.- 8. NUMERO NYC-10395652B.- 9. SELLO.- 10. FIRMA.- (COLOCADO AQUI UN SELLO
REMARCADO SOBRE EL PAPEL QUE DICE: " EL GRAN SELLO DEL ESTADO DE NUEVA YORK").- (FIRMA ILEGIBLE.- JAMES BIZZARRI
DELEGADO ESPECIAL SECRETARIO DEL ESTADO.- EL QUE SUSCRIBE LIC. ARTURO LOPEZ VAZQUEZ, PERITO TRADUCTOR OFICIAL DEL
REGISTRO DEL ESTADO CIVIL DEL GOBIERNO DEL ESTADO DE PUEBLA POR ACUERDO DE LA DIRECCION DEL REGISTRO DEL ESTADO
CIVIL DEL GOBIERNO DEL ESTADO DE PUEBLA POR ACUERDO DE LA DIRECCION DEL REGISTRO DEL ESTADO CIVIL DE FECHA 18 DE
ENERO DEL AÑO DOS MIL SEIS, CERTIFICA QUE LA TRADUCCION AL ESPAÑOL CONTENIDA EN EL PRESENTE DOCUMENTO,
CONCUERDA FIELMENTE CON EL CONTENIDO EN INGLES DEL DOCUMENTO ORIGINAL DEL QUE SE TRADUJO Y QUE EL SUSCRITO ES
COMPETENTE EN AMBOS IDIOMAS INGLES Y ESPAÑOL PARA EFECTUAR LA TRADUCCION.- 16 DE OCTUBRE DE 2009.- PERITO
TRADUCTOR OFICIAL LIC. ARTURO LOPEZ VAZQUEZ.- UN SELLO CON EL SIGUIENTE EMBLEMA: REGISTRO DEL ESTADO CIVIL DEL
ESTADO DE PUEBLA INGLES - ESPAÑOL.- DISTRITO REGISTRADO 2951.- NUMERO DE REGISTRO 1178.- DEPARTAMENTO DE SALUD
ESTADO DE NUEVA YORK CERTIFICADO DE ALUMBRAMIENTO VIVO.- PERITO TRADUCTOR IFICIAL REGISTRO DEL ESTADO CIVIL DEL
ESTADO DE PUEBLA INGLES - ESPAÑOL.- NOMBRE: LUIS FERNANDO DIEGO.- NO. DE REGISTRO MEDICO: 40013593.- FECHA DE NAC. 25
MARZO 2005.- HORA: 04:26 P.M.- SEXO: MASCULINO.- NACIMIENTO: UNICO.- LUGAR DE NACIMIENTO: HOSPITAL.- NOMBRE DE LA
INSTITUCION: HOSPITAL DE LA UNIVERSIDAD NORTH SHORE.- LOCALIDAD: NORTH HEMPSTEAD.- CONDADO DE NAC. NASSAU.-
NOMBRE DE LA MADRE: CRISTIAN SANCHEZ.- FECHA DE NACIMIENTO: 06 MARZO 1980.- CIUDAD: MEXICO.- NOMBRE DE SOLTERA:
SANCHEZ.- ESTADO DE RESIDENCIA: NUEVA YORK.- CONDADO: KINGS.- LOCALIDAD: NUEVA YORK BROOKLYN.- DENTRO DE LOS
LIMITES?: N.- CALLE Y NUMERO DE RESIDENCIA: 360 60TH STREET APT 3L.- CODIGO POSTAL: 11220.- DIRECCION DE CORREO: 360 60 TH
STREET AP'T 3L, BROOKLYN NY.- CODIGO POSTAL: 11220.- NO. REGISTRO MEDICO: 40007918.- NOMBRE PADRE: FERNANDO DIEGO.-
FECHA DE NACIMIENTO: 01 FEBRERO 1978.- CIUDAD: MEXICO.- CERETIFICO QUE LA INFORMACION CONCERNIENTE AL MENOR ES
VERIDICA A LO MEJOR DE MI ENTENDER: FIRMA ILEGIBLE.- FECHA DE FIRMA: 30 MARZO 2005.- NOMBRE DE QUIEN ATENDIO:
GOLDMAN BENJAMIN.- TITULO DR.- NUMERO DE LICENCIA: 183433.- NOMBRE DEL REGISTRADOR: MICHELLE SCHIMEL.- FIRMA DEL
REGISTRADOR: FIRMA ILEGIBLE.- FECHA DE LLENADO: 07 ABRIL 2005.- EL QUE SUSCRIBE, LIC. ARTURO LOPEZ VAZQUEZ, PERITO
TRADUCTOR OFICIAL DEL REGISTRO DEL ESTADO CIVIL DEL GOBIERNO DEL ESTADO DE PUEBLA POR ACUERDO DE LA DIRECCION
DEL REGISTRO DEL ESTADO CIVIL DE FECHA 18 DE ENERO DEL AÑO DOS MIL SEIS, CERTIFICA QUE LA TRADUCCION AL ESPAÑOL
CONTENIDA EN EL PRESENTE DOCUMENTO, CONCUERDA FIELMENTE CON EL CONTENIDO EN INGLES DEL DOCUMENTO ORIGINAL
DEL QUE SE TRADUJO Y QUE EL SUSCRITO ES COMPETENTE EN AMBOS IDIOMAS, INGLES Y ESPAÑOL PARA EFECTUAR LA
TRADUCCION.- 16 DE OCTUBRE DE 2009.- LIC. ARTURO LOPEZ VAZQUEZ.- REGISTRO DEL ESTADO CIVIL DEL ESTADO DE PUEBLA
INGLES - ESPAÑOL.

Bajo la autorización de LIC. MIGUEL ANGEL HUEPA PEREZ

# EXHIBIT B

_OF FACTS_

DATE: 09/11/2011                    **TIME: 1:30 PM**

1. **DETAILS OF THE COMPLAINANT**

LAST NAME: *DIEGO*                    MOTHER'S MAIDEN NAME: *RAMIREZ*

NAME: *FERNANDO*            GENDER: *MALE*        MARITAL STATUS: *FREE UNION*

ADRESS (street, outside number, inside number): RETORNO 2 NORTE B. #3005 INT. 102.

COLONY: *INFONAVIT SANTIAGO*        CITY: *SAN PEDRO CHOLULA*        STATE: *PUEBLA*

NATIONALITY: *MEXICAN*                CONTACT PHONE NUMBER: *(222) 6505316*

AGE: *33*            OCCUPATION: *DRIVER*        E-MAIL: *fdodiego_14@hotmail.com*

PLACE OF BIRTH: *PUEBLA, MEXICO*    HIGHEST EDUCATION: *HIGH SCHOOL*

2. **COMPLAINANT'S RIGHTS**

- *RECEIVE LEGAL ADVICE AND BE INFORMED, UPON REQUEST, THE DEVELOPMENT OF THE PRELEMINARY INVESTIGATION OR PROCESS;*
- *ASSIST WITH THE PUBLIC MINISTRY;*
- *BE PRESENT IN ALL CRIMINAL PROCEDURAL MEASURES IN WICH THE ACCUSED HAS THE RIGHT;*
- *RECEIVE EMERGENCY MEDICAL CARE OR PSYCHOLOGICAL TREATMENT, WHEN REQUIRED;*
- *PROVIDE TO THE PUBLIC MINISTRY OR THE JUDGE DIRECTLY ANY DATA OR EVIDENCE IN ITS POSSESION TO PROVE THE ELEMENTS OF THE CRIM, AS WELL AS THE SOURCE AND AMOUNT OF DEMAGE REPAIRS;*
- *BE INFORMED OF THEIR RIGHTS ON THEIR BEHALF SAID THE POLITICAL CONSTITUTION OF THE UNITED MEXICAN STATES AND ANS ANOTHER STATE LEGISLATION THAT STABLISHES;*

CHALLENGE ADDRESS QUESTIONS CONCERNING THE REPAIR OF DAMAGE FROM CRIME AND (...)

## 3. PENALTY OF PERJURY

*Knowing that if I miss the truth, commits the offense of forgery, defined and penalized in Article 254 fraction I of the Social Defense Code of the state. I declare under penalty of perjury that the following facts are true:*

## 4. PROBABLY RESPONSIBLE DATA:

NAME: *SANCHEZ GOMEZ CRISTIAN*　　　　AGE: *33*　　　　GENDER: *FEMALE*

HIGH: *1.60 mts. (5.2 ft)*　　　　SKIN COLOR: *WHITE*　　　　HAIR COLOR: *BLACK*

EYE COLOR: *BROWN*

## 5. CRIME SCENE:

TIME:　*12:00 PM*　　　　　　DATE:　*05/11/2011*

## NARRATIVE OF THE FACTS:

On Friday November 5, 2011, Mrs. Cristian Sanchez Gomez (my wife) took my children, named Luis Fernando Diego Sanchez and Sophia Diego Sanchez, out of the country (United States of America) with out my consent. I note this because yesterday November 8, 2011, she called me shortly to let me know that she was in USA and she was not coming back, without giving me any reason. These facts are as a history of what happened. Likewise I show the birth certificates of my minor children, which with a previous comparison of the original and copies, I ask you to return these certificates to me, because they are useful for other purposes. I request a certified copy of this document to speed up paperwork for guardianship and custody of my minor children.

PRINT ON THE SIDELINE AND AT THE BOTTOM FOR LEGAL PROOF, IN THE
PRESENCE OF THE PUBLIC PROSECUTOR WHO ACTS IN A LAWFUL, WHO
SIGNS AND ATTESTS TO FIT.

Fernando

Name and signature of the complainant

FORMATO UNICO PARA INICIO DE
AVERIGUACIONES PREVIAS Y/O CONSTANCIA DE HECHOS

DEL Estado
DEL MINISTERIO PÚBLIC
TERCER TURNO

FECHA 9 | 11 | 2011   HORA 1 : 30 PM. No. CONTROL DE SIAP _____

## 1. DATOS DEL DENUNCIANTE/QUERELLANTE:

Apellido Paterno: __DIEGO__   Apellido Materno: __RAMIREZ.__

Nombre (s) __FERNANDO__

Apodo o Alias _____

Sexo:   Masculino __✓__   Femenino ____   Estado Civil: __UNION LIBRE__
(Si se trata de Apoderado, especificar en Observaciones)
Domicilio Particular (calle, número exterior o interior): __Retorno 2 Norte B.__
__3005 int 102 Infonavit Santiago San Pedro ch__

Colonia, Presidencia o Junta Auxiliar: __Infonavit Santiago__   C.P. ____

Municipio: __San Pedro cholula__   Estado: __Puebla.__

Nacionalidad: __Mexicano__   Teléfono(s) Propio o recados (especificar) __222 6505316__

Edad: __33__   Ocupación: __chofer__

Correo electrónico (e-mail): __fdodiego 14 @ hotmail. com.__

Lugar de Nacimiento: __Puebla__

Escolaridad : __Bachillerato__   Documento de identificación con folio ó

Número (exhibir copia) __Pasaporte   NO. G02003580__

## 2. DERECHOS DEL DENUNCIANTE/QUERELLANTE
Se le hace saber que tiene los siguientes derechos como víctima u ofendido por algún delito.

I. Recibir asesoría jurídica y ser informado, cuando lo solicite, del desarrollo de la averiguación previa o del proceso;
II. Coadyuvar con el Ministerio Público;
III. Estar presente en todas las diligencias y actos procesales en los que el inculpado tenga ese derecho;
IV. Recibir atención médica de urgencia o tratamiento psicológico, cuando lo requiera;
V. Proporcionar al Ministerio Público o al Juez directamente todos los datos o medios de prueba con que cuente para acreditar los elementos del delito, así como la procedencia y monto de la reparación del daño;
VI. Ser informado de los derechos que en su favor señala la Constitución Política de los Estados Unidos Mexicanos y demás legislación estatal que lo establezca;
VII. Que se le repare el daño, en los casos en que proceda; para lo cual el Ministerio Público deberá solicitarlo al Juez que conozca del proceso;
VIII. Cuando la víctima o el ofendido sean menores de edad, no estarán obligados a carearse con el inculpado o procesado, si se tratare de los delitos de violación o violación equiparada, plagio o secuestro;
IX. Solicitar a las autoridades para si o para los sujetos vinculados a ella, las medidas y providencias necesarias tendientes a proteger su integridad corporal, domicilios, posesiones o derechos; cuando existan datos fundados que estos puedan ser afectados por él o los responsables del delito o por terceros;
X. Interponer el recurso de apelación en contra de las sentencias de primera instancia, sólo cuando la impugnación verse sobre las cuestiones relativas a la reparación del daño proveniente de delito y (...)

2.1 Requiere ayuda como víctima del delito en términos de la Ley   Si _____   No _____

Explicar el motivo: __Hechos__

2.2 Desea utilizar la mediación como medio alternativo de solución   Si _____   No _____

Explicar el motivo: __Hechos .__

## 3. PROTESTA DE DECIR VERDAD
Sabedor de que si falto a la verdad, incurro en el delito de falsedad, previsto y sancionado en el Artículo 254 Fracción I del Código de Defensa Social del Estado. Declaro bajo protesta de decir Verdad que los siguientes hechos son ciertos:

Edad _____ Sexo: Femenino Altura: 1.50u Color de piel _____

Cabello (color y largo): \_\_\_\_ Negro _____ Barba: _____

Color de ojos: \_\_Cafe\_\_\_\_\_ Acento _____ Apodo y/o Alias: _____

Forma de vestir, cicatrices, tatuajes, etc. _____

b) Apellido paterno, materno, nombre (s) _____

Dirección (incluir, Ciudad, Estado, Municipio, C.P.) _____
Edad _____ Sexo: _____ Altura: _____ Color de piel _____

Cabello (color y largo): _____ Barba: _____

Color de ojos: _____ Acento _____ Apodo y/o Alias: _____

Forma de vestir, cicatrices, tatuajes, etc. _____

**(En caso de ser más de dos, prescindir de este formato)**

**5. INSTRUMENTOS:**

¿ Usaron armas? Si _____ No\_\_\_\_\_ Cuales: (Descripción) _____

¿ Usaron vehículos? Si _____ No\_\_\_\_\_ Cuales: (Descripción)_____

**6. EN CASO DE PÉRDIDA O ROBO       PÉRDIDA _____       ROBO _____**

1. PROPIETARIO _____          OBJETO _____
   DESCRIPCIÓN _____          VALOR _____

2. PROPIETARIO _____          OBJETO _____
   DESCRIPCIÓN _____          VALOR _____

3. PROPIETARIO _____          OBJETO _____
   DESCRIPCIÓN _____          VALOR _____

NOTA: En caso de robo de vehículo, debe llenarse un diverso "Formato para Registro Nacional de Vehículos Robados"

**7. LUGAR DE LOS HECHOS:**

Calle y Número _____

Entre las calles: _____

(otros datos) : _____

Colonia, Poblado y/o Barrio _____

Municipio _____ CP: _____

Hora: \_12:00 m_____ Fecha \_05 de NOV. 2011\_

**8. NARRACIÓN BREVE DE LOS HECHOS** El dia viernes 5 de noviembre del 2011, la Sra. Cristian Sanchez Gomez (mi mujer) se llevo a mis hijos de nombres Luis fernando Diego Sanchez, y Sophia Diego Sanchez fuera del Pais, (Estados Unidos) sin mi consentimiento hago constar esto porque ayer 8 de noviembre del 2011 ella me llamo brevemente para dejarme saber que estaba alla y que no iba a volver, sin darme ningun motivo. que estos hechos queden como antecedente de lo ocurrido, asi mismo exijo la actas de nacimiento de mis menores hijos.

menores hijos.

ENCIA DEL MINISTERIO PÚBLICO
TERCER TURNO
AN PEDRO CHOLULA PUE

**9. RATIFICACIÓN Y FIRMA:**

Previa lectura de lo antes expuesto, (y del escrito exhibido ó de las hojas autorizadas adicionales) lo ratifico, firmo y/o estampo mi huella digital al margen y al calce para constancia legal, en presencia del Agente del Ministerio Público que actúa en forma legal, quien firma al calce y da fe.

FERNANDO DIEGO RAMIREZ.

Fernando Dou

Nombre y Firma (o huella digital) del denunciante/querellante

**Para ser llenado por el Ministerio Público**

3 turno

Agencia Investigadora Asignada

C.H.

Número de Averiguación Previa/
Constancia de Hechos

EL (A) SUSCRITO (A) LICENCIADO (A) Jose Martin Nicolas Flores Figueros

SENTE DEL MINISTERIO PUBLICO TITULAR DEL TERCER TURNO D

AN PEDRO CHOLULA, PUEBLA No. CONTROL DEL SIAP

Observaciones: CERTIFICA

QUE LA (S) PRESENTE (S) COPIA (S) FOTOSTATICA (S)

OMPUESTA (S) DE 09 FOJAS ÚTILES, CONCUERDAN FIELMENTE C

O ORIGINAL QUE TUVE A LA VISTA, A LA (S) CUAL (ES) ME REMITO EXPID

ERTIFICO A LOS 9 DIAS DEL MES DE noviembre DEL DOS 2011

Lic Jose Martin Nicolas Flores Figueros

Agente del Ministerio Público

EXHIBIT C

**DIRECCIÓN GENERAL DE PROTECCIÓN A
MEXICANOS EN EL EXTERIOR
DIRECCIÓN DE DERECHO DE FAMILIA**
Número: PME-117580
Expediente: PME/750-16(MEX-PUE/EUA-NY/11)291
Asunto: Restitución de Menores.
DIEGO SANCHEZ, LUIS FERNANDO Y SOPHIA.
Confidencial.

| INFORMACIÓN CONFIDENCIAL | |
|---|---|
| Fecha de clasificación: | 27 de Diciembre de 2011 |
| Unidad Responsable: | Dirección General de Protección a Mexicanos en el Exterior. |
| Fundamento Legal: | Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental Art. 18, fracción I. |
| Partes Clasificadas: | Todo |
| Rúbrica Titular de la Unidad Administrativa: | Consejero Alfonso Navarro Bernachi |

SECRETARÍA DE
RELACIONES EXTERIORES

*"2011, Año del Turismo en México"*



SRE

## Hague Convention on the Civil Aspects of International Child Abduction

DATE:   December 27th, 2011.
TO:     U.S. Central Authority – Githens, Daniel.
FROM:   Mexican Central Authority – Johannes Jacome Cid.
SUBJECT:  DIEGO SANCHEZ, LUIS FERNANDO AND SOPHIA.

Regarding the above captioned matter, attached please find the application for return of the children DIEGO SANCHEZ, LUIS FERNANDO and SOPHIA under The Hague Convention on the Civil Aspects of International Child Abduction, as well as the following documents:

1. Birth certificates of the minors with their proper English translation.
2. Photograph of the minors.
3. Photograph of the person alleged to have wrongfully removed the children, Mrs. Cristian Sanchez Gomez.
4. Facts report with its proper English translation.
5. Request for Legal Assistance.
6. Authorization to release case information.
7. Other relevant documentation/information.
8. Relevant Sections of the Civil Code of the State of Puebla.

In other hand, please be informed that the applicant father rejects the option of voluntary return letter, he will require translations services and he is not able to travel to the United States.

I would like to thank you for your kind assistance in this matter.

Sincerely,

**Mexican Central Authority**.

*ATTACHMENTS
YRC/Plaza: 4378

Plaza Juárez 20, piso 17 Col. Centro, Del. Cuauhtémoc México, D. F., C. P. 06010.
TEL.+52 (55) 36865856 www.sre.gob.mx.

**DEPARTMENT OF STATE**

**UNITED STATES OF AMERICA**

TO WHOM IT MAY CONCERN:

THE WRITER **FERNANDO DIEGO RAMIREZ** WITH ADRESS TO HEAR AND RECEIVE NOTIFICATIONS AT, RETORNO 2 NORTE B NO. 3005 INT. 2 INFONAVIT SANTIAGO SAN PEDRO CHOLULA, PUEBLA, MEXICO, WITH CONTACT PHONE NUMBER 0442226505316, THROUGH THIS I SEND YOU A CORDIAL AND AFFECTIONATE GREETING, AT THE SAME TIME I WOULD ASK YOU TO TAKE PLACE IN AFFAIRS LEGAL SUPPORT, WICH CONSISTS IN THE RECORY OF MY TWO MINOR CHILDREN ARE NAMED **SOPHIA DIEGO SANCHEZ** AND **LUIS FERNANDO DIEGO** SANCHEZ WITH 4 AND 6 YEARS OLD RESPECTIVELY. THEREFORE I REQUEST A TRANSLATOR, SO HE CAN HELP ME TO FACILITATE THE NESSEARY PAPERWORK AND COMMUNICATION TO MY PERSON.

NO DOUBTING YOUR UNDERSTANDING AND ATTENTION TO ME, I BID YOU FAREWELL, WAITTING FOR ALL SUPPORT POSSIBLE AND RENEWED TO YOUR ORDERS.

HEROICA PUEBLA DE ZARAGOZA A 6 DE DICIEMBRE DE 2011

SINCERELY

*Fernando Diez.*

**FERNANDO DIEGO RAMIREZ**

DEPARTAMENTO DE ESTADO DE
ESTADOS UNIDOS DE NORTE AMERICA.


A QUIEN CORRESPONDA.
PRESENTE.

EL QUE SUSCRIBE **C. FERNANDO DIEGO RAMIREZ** CON DOMICILIO PARA OIR
Y RECIBIR NOTIFICACIONES CON  EN,  RETORNO 2 NORTE B NO. 3005 INT. 2 INFONAVIT
SANTIAGO SAN PEDRO CHOLULA, PUEBLA, MEXICO CON NUMERO TELEFONICO DE CONTACTO
0442226505316, POR MEDIO DE LA PRESENTE LE ENVIO UN CORDIAL Y AFECTUOSO SALUDO
AL MISMO TIEMPO ME PERMITO SOLICITAR SU APOYO PARA LLEVAR ACABO USUNTOS
LEGALES, LOS CUALES CONSISTEN EN LA RECUPERACION DE MIS DOS MENORES HIJOS QUE
LLEVAN POR NOMBRE **SOPHIA DIEGO SANCHEZ** Y **LUIS FERNANDO DIEGO SANCHEZ** DE 4 Y 6
AÑOS DE EDAD RESPECTIVAMENTE, POR LO ANTERIOR SOLICITO UN **TRADUCTOR** QUE ME
AYUDE A FACILITAR LOS TRAMITES NECESARIOS Y DE COMUNICACIÓN HACIA MI PERSONA.


NO DUDANDO DE SU COMPRENCION Y ATENCION A LA PRESENTE ME DESPIDO DE USTED
ESPERANDO TODO EL APOYO POSIBLE Y REITERANDOME A SUS ORDENES.


HEROICA PUEBLA DE ZARAGOZA A 6 DE DICIEMBRE DE 2011


ATENTAMENTE

*Fernando*

**FERNANDO DIEGO RAMIREZ**

EXHIBIT D

Credencial Escolar

Luis Fernando Diego Sánchez



**Montessori of the S☀N School**

**MONTESSORI OF THE SUN SCHOOL**

**Student:** Diego   Sánchez   Luis Fernando

**Policy Number:** 18-ESC-10000383 **No.34**

**Scholar Period 2010-2011**

**Year:** 3 Group: A

**In case of accident call to the numbers:**

3-11 23 20/ 5-70-32-50 /6-24 82 85

**Nextel:** 4304640 ID: 72*702530*3

4304639 ID: 72*702530*1

**Cell      phone:      2222123947** 2223387668/ 2221 926 525

Mss. Rosaura Ramírez Obregón

Photo

**Note:** in the back part of this credential is the name and signature of the school director: Mss. Alejandra Matus Pérez

Credencial Escolar.

Sophia Diego Sánchez

**Colegio Montessori**
**del SOL**

COLEGIO MONTESSORI
DEL SOL

ALUMNO: _Diego Sánchez_

_Sophia_

PÓLIZA No.18-ESC-10000383
CERTIFICADO        No. _36_

CICLO ESCOLAR 2010-2011

S. E. PAÑO _1o_ GRUPO _A_

EN CASO DE ACCIDENTE LLAMAR A LOS TELÉFONO:
411 23 20 / 570 32 50 / 624 82 85
430 46 40  ID- 72*702530*3
430 46 39  ID- 72*702530*1
123 947 /   2223 387 668  /  2221 926 525
ROSAURA RAMÍREZ OBREGÓN

**Montessori of the SUN School**

### MONTESSORI OF THE SUN SCHOOL

**Student: Diego Sánchez Sophía**
**Policy Number: 18-ESC-10000383**
**No.36**
**Scholar Period 2010-2011**
**Year: 1 Group: A**
**In case of accident call to the numbers:**

Photo

**3-11 23 20/ 5-70-32-50 /6-24 82 85**
**Nextel: 4304640 ID: 72*702530*3**
**4304639 ID: 72*702530*1**
**Cell        phone:        2222123947**
**2223387668/ 2221 926 525**
**Mss. Rosaura Ramírez Obregón**

**Note: in the back part of this credential is the name and signature of the school director: Mss. Alejandra Matus Pérez**

# EXHIBIT E

DRL Art. 5-A

UCCJEA-1 3/2009

## FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

In the Matter of a Proceeding for Custody under the *Uniform*
*Child Custody Jurisdiction and Enforcement Act*

File #:    190398
Docket #:   V-04308-12
            V-04309-12

Cristian Sanchez,

                     Petitioner,

- against -

Fernando Diego,

                     Respondent.

**PETITION FOR CUSTODY –
UCCJEA**

The undersigned Petitioner respectfully alleges upon information and belief that:

Petitioner, Cristian Sanchez, is the mother of the child, Luis F. Diego.
Petitioner, Cristian Sanchez, is the mother of the child, Sophia Diego.
Petitioner is seeking an order of custody regarding:Luis F. Diego and Sophia Diego.
Petitioner, Cristian Sanchez, resides at 155 Court St., Apt. 2, Brooklyn, NY 11201.

Respondent, Fernando Diego, is the father of the child, Luis F. Diego.
Respondent, Fernando Diego, is the father of the child, Sophia Diego.

Respondent, Fernando Diego, resides at unknown, Puebla, Mexico.

The name, present address and date of birth of each child who is the subject of this proceeding are as follows:

| Name | Address | Date of Birth |
|------|---------|---------------|
| Luis F. Diego | 155 Court St., Apt. 2, Brooklyn, NY 11201 | 3/25/2005 |
| Sophia Diego | 155 Court St., Apt. 2, Brooklyn, NY 11201 | 12/4/2007 |

This Court has jurisdiction to issue a child custody or visitation order pursuant to Section 76(1) of the Domestic Relations Law on the following ground(s): this state was the home state of the children on the date of the filing of this petition.

No proceeding has been commenced that could affect this action.

The father of the children who are the subjects of this proceeding is Fernando Diego. An acknowledgment of paternity was signed on March 26, 2005 by both parents for the child, Luis Diego. And on December 8, 2007 for the child, Sophia.

The name and present address of the person(s) with whom each child resided during the past five years are as follows:

| Name | Address | Duration (from/to) | Name of Person With Whom Child Resided | Current Address of the Person With Whom Child Resided |
|------|---------|--------------------|----------------------------------------|-------------------------------------------------------|
| Luis F. Diego | 155 Court St., Apt. 2 Brooklyn, NY 11201 | 11/2011–Present | Cristian Sanchez | 155 Court St., Apt. 2 Brooklyn, NY 11201 |
| Sophia Diego | 155 Court St., Apt. 2 Brooklyn, NY 11201 | 11/2011–Present | Cristian Sanchez | 155 Court St., Apt. 2 Brooklyn, NY 11201 |

Petitioner has not participated as a party in other litigation concerning the custody/visitation of one or more of the same children.

Petitioner has not participated as a witness in other litigation concerning the custody/visitation of one or more of the same children.

I know of no person(s) not a party to the proceedings who claim(s) to have custody or visitation rights with respect to the children affected by this proceeding.

Petitioner obtained custody of the children on November 2, 2011, as follows: The petr. states that the parties lived together in Mexico as a family, until she and the children emigrated to the U.S.; the resp. remained in Mexico as he had been deported from the U.S. several years prior.

It would be in the best interests of the children for Petitioner to have custody for the following reasons: The petr. is concerned about the safety and well-being of the children. She states "Mexico is a very dangerous place, they [the subject children] are safer here." The petr. requires an order granting her sole legal authority to make major decisions regarding the children, as she is their primary care-giver and sole support.

The subject children are not Native American children, who is subject to the Indian Child Welfare Act of 1978 (25 U.S.C. §§ 1901-1963).

No previous application has been made to any court or judge for the relief herein requested.

WHEREFORE, Petitioner respectfully requests this Court to issue:
- An order directing such other and further relief as the Court may determine to be just and proper.

Dated: February 6, 2012

Page: 3 of 3
Docket No: V-04308-12
V-04309-12
UCCJEA-1

_____
**Cristian Sanchez, Petitioner**

## VERIFICATION

STATE OF NEW YORK)
:ss:
COUNTY OF KINGS)

Cristian Sanchez being duly sworn, deposes and says:

That he/she is the Petitioner in the above-entitled proceeding and is acquainted with the facts and circumstances thereof; that he/she has read the foregoing and knows the contents thereof; that the same is true to his/her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he/she believes it to be true.

_____
Cristian Sanchez, Petitioner

Sworn to before me on
February 6, 2012

_____
Chief Clerk or Designee
Notary Public

D.R.L. § 76-h

UCCJEA-3 8/2002

# FAMILY COURT OF THE STATE OF NEW YORK
# COUNTY OF KINGS

In the Matter of a Proceeding for Custody under the *Uniform Child Custody Jurisdiction and Enforcement Act*

File #: 190398
Docket #: V-04308-12
V-04309-12

Cristian Sanchez,

              Petitioner,

- against -

Fernando Diego,

              Respondent.

**AFFIDAVIT – UCCJEA**

STATE OF NEW YORK)

              :ss:

COUNTY OF KINGS)

I, Cristian Sanchez, being duly sworn, depose and state the following:

I reside at 155 Court St., Apt. 2, Brooklyn, NY 11201.

Petitioner, Cristian Sanchez, is the mother of the children.

Each child who is the subject of this proceeding resides at:

| Name | Date of Birth | Address |
|---|---|---|
| Luis F. Diego | 3/25/2005 | 155 Court St., Apt. 2 Brooklyn, NY 11201 |
| Sophia Diego | 12/4/2007 | 155 Court St., Apt. 2 Brooklyn, NY 11201 |

During the last five years each child who is the subject of this proceeding resided at:

| Name | Address | Duration (from/to) |
|---|---|---|
| Luis F. Diego | with the petr., | 11/2011–present |
| Sophia Diego | with the petr., | 11/2011–present |

The name and present address of the person(s) with whom each child resided during the past five years are as follows:

| Name | Address | Duration (from/to) |
|---|---|---|
| Cristian Sanchez | | 11/2011–present |

I have not participated as a party in other litigation concerning the custody/visitation of one or more of the same children.

Case 1:12-cv-02591-ILG-JMA  Document 1  Filed 05/23/12  Page 52 of 55 PageID #: 52

I have not participated as a witness in other litigation concerning the custody/visitation of one or more of the same children.

I have no information regarding any pending custody/visitation proceedings concerning one or more of the same children.

I know of no person(s) not a party to this proceeding who have physical custody of any of the children affected by this proceeding.

I know of no person(s) not a party to the proceedings who claim(s) to have custody or visitation rights with respect to the children affected by this proceeding.

Dated: February 6, 2012

_____
Cristian Sanchez, Petitioner

Sworn to before me on
February 6, 2012

_____
Chief Clerk or Designee
Notary Public

# EXHIBIT F



**United States Department of State**

*Washington, D.C.   20520*

February 22, 2012

The Honorable Leticia M. Ramirez
Family Court of the State of New York
County of Kings
330 Jay Street
Brooklyn, NY 11201

RE: <u>Sanchez vs. Diego</u>
Docket Number: V-04308-12, V-04309-12

Dear Judge Ramirez:

I am writing to you because we understand that Luis and Sophia Diego Sanchez are currently the subjects of a proceeding relating to custody before your court. You should therefore be aware that an application for the return of Luis and Sophia Diego Sanchez to Mexico under the 1980 Hague Convention on the Civil Aspects of International Child Abduction (Convention) has been received by the Department of State, which serves as the U.S. Central Authority for the Convention. This fact may affect your administration of the custody proceeding before you.

**Article 16** of the Convention provides that, "after receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained *shall not decide on the merits of rights of custody* until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice." (Emphasis added)

The 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Convention") entered into force between the United States and Mexico on October 1, 1991. The International Child Abduction Remedies Act, 42 U.S.C. § 11601-11610 (1988) ("ICARA") implemented the Convention in the United States.[1] The U.S. Department of State, Office of Children's Issues, performs the functions of the Central Authority for the United States under the Convention.[2]

In sum, **Article 16** requires that when a court considering custody of a child receives notice that an application for return of a child under the Convention has been received, it should defer any decision on the merits of rights of custody until an appropriate federal or state court has determined that the child is not to be returned under the Convention. The applicant, the

---

[1] U.S. Department of State regulations implementing the Convention and ICARA can be found at 22 C.F.R Part 94. The Convention is available at 51 Fed. Reg. 10503 (1986), and is a treaty of the United States within the meaning of Article II and VI of the U.S. Constitution.

[2] The U.S. Department of State, Office of Children's Issues, acts as the U.S. Central Authority for the Convention pursuant to the authority granted by Executive Order 12648 and 22 C.F.R § 94.2. The Central Authority carries out the functions ascribed to it in Article 7. See also fn 3.

applicant's counsel, or the Department's Country Officer should be able to keep you informed of the status of the petition for return of the child.

      This letter should not be construed as constituting an opinion of the United States or the Department of State, regarding the merits of custody or any other matter before the Family Court of New York. The sole purpose of this letter is to give the court notice that the U.S. Central Authority has received an application under the Convention and to draw the court's attention to relevant federal law, including the requirements of Article 16. Should you have any questions or need additional information, please do not hesitate to contact Tina Patronas at 202-663-1630.

Please find below internet links to the primary source material for the Convention.

1) The text of the Convention and the Department of State's legal analysis of the Hague Convention published in the Federal Register on March 26, 1986 (Vol. 51, No. 58), at http://www.travel.state.gov/pdf/Legal_Analysis_of_the_Convention.pdf;

2) The U.S. implementing legislation for the Convention ("ICARA"), at http://www.travel.state.gov/pdf/International_Child_Abduction_Remedies_Act.pdf;

3) The official explanatory report of the Convention done by Elias Perez-Vera, at http://hcch.e-vision.nl/upload/expl28.pdf. The Perez-Vera report is recognized by the Hague Conference on Private International Law as the official history and commentary on the Convention and is a source of background on the meaning of its provisions.

Thank you for your consideration.

Sincerely,

Marco P. Tedesco
Division Chief
Compliance, Incoming,
Outreach, Prevention and Training
Office of Children's Issues
Department of State
United States Central Authority
Hague Convention on the Civil Aspects of
International Child Abduction
Tel: (202) 736-9130 Fax: (202) 736-9132

CC:   *Counsel for Petitioner*
     Unknown

CC:   Allison Laurie Myles
     The Children's Law Center
     44 Court Street, #11
     Brooklyn, NY 11201

CC:   *Counsel for Respondent*